# United States Court of Appeals
# for the Fifth Circuit

_____

No. 24-60484
Summary Calendar
_____

Victor Jose Gamero-Hernandez,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

_____

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A208 550 282

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 8, 2025

Lyle W. Cayce
Clerk

Before Wiener, Ho, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Victor Jose Gamero-Hernandez, a native and citizen of Honduras, petitions for review of the decision of the Board of Immigration Appeals (BIA) affirming the immigration judge's denial of withholding of removal. We review the BIA's decision and consider the immigration judge's decision

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

only to the extent it influenced the BIA. *Vazquez-Guerra v. Garland*, 7 F.4th 265, 268 (5th Cir. 2021).

Threats that are nonspecific or lacking in immediacy are insufficient to constitute persecution for withholding of removal. *Munoz-Granados v. Barr*, 958 F.3d 402, 407 (5th Cir. 2020); *Qorane v. Barr*, 919 F.3d 904, 910 (5th Cir. 2019). Gamero-Hernandez and his family were never physically harmed by the gangs, and the past threats he recounted never escalated beyond vague and sporadic statements. A reasonable factfinder could conclude that he did not establish past harm that rose to the level of persecution. *See Munoz-Granados*, 958 F.3d at 407; *Qorane*, 919 F.3d at 910.

Additionally, substantial evidence supports the agency's determination that Gamero-Hernandez failed to show the requisite nexus between the past or feared harm and his proposed particular social group (PSG) of the Gamero-Hernandez family. His membership in the PSG need not be the only reason for harm, but "it cannot be incidental, tangential, superficial, or subordinate to another reason for harm." *Vazquez-Guerra*, 7 F.4th at 269 (internal quotation marks and citation omitted).

Gamero-Hernandez's testimony indicated that he was targeted because he confronted the gang when intervening to protect his sister from a gang member's advances. While Gamero-Hernandez's motivation in doing so was familial, the nexus test is focused on the motivation of the persecutor, not the victim. *See id.* The evidence does not compel a conclusion contrary to the agency's determination that the gang members were motivated by retribution for Gamero-Hernandez's act of confrontation, rather than his family membership. *See id.*; *Ramirez-Mejia v. Lynch*, 794 F.3d 485, 492-93 (5th Cir. 2015). "Threats or attacks motivated by criminal intentions do not provide a basis for protection." *Vazquez-Guerra*, 7 F.4th at 270. Gamero-

No. 24-60484

Hernandez has not shown that the agency erred in determining that he was ineligible for withholding of removal.

Accordingly, the petition for review is DENIED.